UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND AMERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11CV272 LMB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court lacks jurisdiction to grant the writ, and the Court will dismiss it.

A district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Petitioner is currently confined at the United States Penitentiary in Leavenworth, Kansas. Petitioner's custodian, therefore, is located within the District of Kansas. Consequently, this Court lacks jurisdiction to grant the writ, and this case shall be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).[1]

---

[1]This is the third time petitioner has requested discharge from a "liability (i.e. civil monetary penalties)" incurred in his underlying federal criminal action. Plaintiff

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of February, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

first filed a "petition for discharge" in his criminal case, which was denied as legally frivolous. See United States v. Amerson, 4:91CR1 CDP (E.D. Mo.). Petitioner then filed his claim as a separate civil action, which was denied on the basis of collateral estoppel. See Amerson v. United States, 4:10CV1754 (E.D. Mo.). Thus, even if the Court did not lack jurisdiction over petitioner's § 2241, his request for relief would still be denied, as it was in the prior actions.